UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RODNEY GRUBBS ) | CASE NO. 23-05593-JJG-7A |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JOANNE FRIEDMEYER, TRUSTEE, ) | Adversary Proceeding |
| ) | No. _____ |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| TERESA WILSON ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID AND TO RECOVER
TRANSFER PURUSANT TO 11 U.S.C. §547 and §550
AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)**

Plaintiff, Joanne Friedmeyer, Trustee (the "Trustee") for the Bankruptcy Estate (the "Estate") of Rodney Grubbs ("Debtor"), by counsel, for her *Complaint to Avoid and to Recover Transfer Pursuant to 11 U.S.C. §547 and §550 and to Disallow Claims Pursuant to 11 U.S.C. §502(d)* against defendant, Teresa Wilson ("Wilson") states as follows:

**INTRODUCTION**

1. An Involuntary Petition for Relief Under Chapter 7 of the Bankruptcy Code was filed against the Debtor, Rodney Grubbs ("Debtor") on December 17, 2023 (the "Petition Date"), which was granted on February 7, 2024 [Doc. No. 24]. The Trustee is the duly appointed and acting Trustee in this case.

**JURISDICTIONAL ALLEGATIONS**

2. This is an adversary proceeding to avoid and to recover a transfer and property of the Estate under Bankruptcy Code §§ 544 and 550.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper in the United States Bankruptcy Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1409.

5. Debtor is a resident of the state of Indiana.

6. According to Debtor's Bankruptcy Schedules and correspondence exchanged with Wilson, Wilson is an individual residing and domiciled at 22 Greenview Dr. Winter Haven, FL 33881-9709.

7. Pursuant to Bankruptcy Rule 7008, the Trustee consents to entry of final orders or judgment by the Court.

## FACTS COMMON TO ALL COUNTS

8. According to Debtor's Statement of Financial Affairs and documents obtained from FCN Bank via subpoena, Wilson received the following transfer from the Debtor within the 90 days prior to the Petition Date:

$63,812.72 wire transfer on December 4, 2023 from Debtor's FCN Account ending 4071 (the "Transfer").

## COUNT I
### (Against Wilson for Avoidance of Transfer Pursuant to 11 U.S.C. § 547(b))

9. The Trustee incorporates and restates the allegations contained in the preceding paragraphs 1 through 8 as if fully restated herein.

10. Within ninety days prior to the Petition Date, Wilson received the Transfer.

11. The Transfer was made by Debtor to Wilson–

    a. At a time when Wilson was a creditor of Debtor within the meaning of Bankruptcy Code § 101(10)(A);

2

    b.    For or on account of an antecedent debt owed by Debtor before the Transfer was made; and

    c.    While Debtor was actually insolvent.

12.    To the extent not avoided, the Transfer would enable Wilson to receive more than Wilson would have received if–

    a.    The bankruptcy case were a case under Chapter 7 of the Bankruptcy Code;

    b.    The Transfer were made to Wilson; and

    c.    Wilson received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

13.    The Transfer constitute avoidable preferences pursuant to Bankruptcy 11 U.S.C § 547(b), and, accordingly, the Trustee is entitled to a judgment against Wilson avoiding the Transfer.

WHEREFORE, the Trustee requests judgment in her favor and against Wilson: (i) declaring that the Transfer is avoided pursuant to 11 U.S.C. §547; (ii) avoiding the Transfer; (iii) for the costs of this proceeding; and (iv) granting the Trustee all other just and proper relief.

## COUNT II
### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550)

14.    The Trustee incorporates and restates the allegations contained in the preceding paragraphs 1 through 13 as if fully restated herein.

15.    Wilson was the recipient of the Transfer.

16.    The Transfer, to the extent avoided pursuant to Bankruptcy Code §547, may be recovered by the Trustee pursuant to Bankruptcy Code § 550(a)(1).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Wilson on Count II as follows: (i) declaring that the Trustee may

3

recover the Transfer from Wilson for the benefit of Debtor's Estate pursuant to Bankruptcy Code §550(a)(1); (ii) granting a judgment in favor of the Trustee in the amount of the Transfer; (iii) for the costs of this proceeding; and (iv) granting the Trustee all other just and proper relief.

### COUNT III
### (Against Wilson For Disallowance of Claims Pursuant to 11 U.S.C. §§ 502(d) and 550)

17. The Trustee restates and realleges the allegations contained in paragraphs 1 through 16 above, as if fully set forth herein.

18. Section 502(d) of the Bankruptcy Code provides that, unless a person from which property is recoverable under section 550 of the Bankruptcy Code or that is a transferee of a transfer avoidable under the Bankruptcy Code turns over any such property for which such transferee is liable under section 550 of the Bankruptcy Code, any claims of such transferee shall be disallowed.

19. Pursuant to section 502(j) of the Bankruptcy Code, any and all claims of Wilson and/or his assignee(s) must be disallowed until such time as the Trustee receives funds in the amount of the Transfer from Wilson.

20. Wilson has refused to return the Transfer to the Trustee, despite written demand for repayment of the Transfer, thus any claim that Wilson has or may assert against the Debtor must be disallowed.

**WHEREFORE**, the Trustee requests judgment in her favor and against Wilson: (i) disallowing any and all claims of Wilson against the Debtor's Estate pursuant to sections 502(d) and 550 of the Bankruptcy Code; and (ii) granting the Trustee all other just and proper relief.

Respectfully submitted,
MULVEY LAW LLC

Counsel to Joanne Friedmeyer
Trustee for the Chapter 7 Bankruptcy Estate of
Rodney Grubbs

By: /s/ Joseph L. Mulvey
Joseph L. Mulvey, Atty. No. 30052-49
MULVEY LAW LLC
133 W. Market St., No. 274
Indianapolis, IN   46204
(317) 721-1339 | joseph@mulveylawllc.com

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**