UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **RODNEY GRUBBS,** | ) | Case No. 23-05593-JJG-7A |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **JOANNE FRIEDMEYER, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 25-50063 |
| vs. | ) | |
| | ) | |
| **TERESA WILSON,** | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF TERESA WILSON TO COMPLAINT TO AVOID AND RECOVER TRANSFER PURSUANT TO 11 U.S.C. § 547 and § 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

The Defendant, Teresa Wilson ("Wilson"), by and through counsel, states for her answer (the "Answer") to the *Complaint to Avoid and Recover Transfer Pursuant to 11 U.S.C. § 547 and § 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* (Adv. Doc 1) (the "Complaint") filed by Joanne Friedmeyer, Trustee (the "Trustee") as follows:

**FIRST DEFENSE**

1. Wilson admits the allegations in paragraph 1 of the Complaint.

2. Wilson denies the allegations in paragraph 2 of the Complaint.

3. Wilson admits the allegations in paragraph 3 of the Complaint.

4. Wilson admits the allegations in paragraph 4 of the Complaint.

5. Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and denies same.

1

6. Wilson denies in the form averred the allegations in paragraph 6 of the Complaint. Wilson states that the Debtor's Schedules speak for themselves. Wilson further states that any correspondence exchanged with Wilson was for settlement purposes pursuant to Fed. R. Evid. 408, and is inadmissible. Wilson is a resident of Winter Haven, Florida. Wilson denies the remainder of the allegations in paragraph 6.

7. Wilson states with respect to paragraph 7 of the Complaint that Wilson does not consent to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution with respect to the Trustee's Complaint.

8. Wilson denies in the form averred the allegations in paragraph 8 of the Complaint. Wilson states that the Debtor's Statement of Financial Affairs and other unspecified documents speak for themselves. Wilson further states that she did receive a wire transfer on or about December 4, 2023 in the amount of $63,812.72, but the source of the funds is unknown and Wilson does not have knowledge or information to form a belief as to the allegation of the source of the funds. Wilson denies the remainder of the allegations in paragraph 8.

9. Wilson denies the allegations incorporated by reference in paragraph 9 of the Complaint unless those allegations have otherwise been specifically admitted herein.

10. Wilson admits the allegations in paragraph 10 of the Complaint.

11. Wilson denies in the form averred the allegations in paragraphs 11(a) and 11(b) of the Complaint. Wilson admits those paragraphs except as to the source of the funds in accordance with Wilson's response to paragraph 8 of the Complaint. Wilson denies the remainder of the allegations in paragraphs 11(a) and 11(b).

12. Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11(c) of the Complaint and denies same.

13. Wilson is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and denies same.

14. Wilson denies the allegations in paragraph 13 of the Complaint.

15. Wilson denies the allegations incorporated by reference in paragraph 14 of the Complaint unless those allegations have otherwise been specifically admitted herein.

16. Wilson admits the allegations in paragraph 15 of the Complaint.

17. Wilson denies in the form averred the allegations in paragraph 16 of the Complaint and states that the provisions of Bankruptcy Code § 550(a)(1) speak for themselves. Wilson denies the remainder of the allegations in paragraph 16.

18. Wilson denies the allegations incorporated by reference in paragraph 17 of the Complaint unless those allegations have otherwise been specifically admitted herein.

19. Wilson denies in the form averred the allegations in paragraph 18 of the Complaint and states that the provisions of Bankruptcy Code §§ 502 and 550 speak for themselves. Wilson denies the remainder of the allegations in paragraph 18.

20. Wilson denies the allegations in paragraph 19 of the Complaint.

21. Wilson denies in the form averred the allegations in paragraph 20. Wilson has refused to return the Transfer because the Transfer is not avoidable in accordance with applicable law. Wilson denies the remainder of the allegations in paragraph 20.

## **SECOND DEFENSE**

22. The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

23. The Complaint fails to join necessary parties.

### FOURTH DEFENSE

24. The Trustee's claims are barred by the doctrine of *in pari dilecto*.

### FIFTH DEFENSE

25. The Trustee's claims are barred by 11 U.S.C. § 547(c), including 11 U.S.C. § 547(c)(2).

### SIXTH DEFENSE

26. Wilson raises any other matter constituting an avoidance or affirmative defense as contemplated by Fed. R. Bankr. P. 7008(c) and Fed. R. Civ. P. 8(c).

WHEREFORE, Wilson respectfully requests the Court enter judgment as follows:

(a) that the Complaint be dismissed in its entirety with prejudice;

(b) that Wilson be awarded her costs, fees and any other amounts to which she may be entitled; and

(c) that Wilson be granted all other relief to which she may be entitled at law or in equity.

*/s/ Robert B. Berner*
Robert B. Berner (Ohio #0020055)
Bailey Cavalieri LLC
409 East Monument Street, Suite 103
Dayton, Ohio 45402
937.223.4701 (Telephone)
937.223.0170 (Fax)
E-Mail: rberner@baileycav.com

Admitted Pro Hac Vice

*Attorney for Defendant Teresa Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025 a copy of the foregoing *Answer of Teresa Wilson to Complaint to Avoid and Recover Transfer Pursuant to 11 U.S.C. § 547 and § 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Joseph L. Mulvey
Mulvey Law LLC
133 W. Market St., No. 274
Indianapolis, IN 46204
317.721.1339
E-Mail:  joseph@mulveylawllc.com
*Counsel to Joanne Friedmeyer, Trustee for the
Chapter 7 Bankruptcy Estate of Rodney Grubbs*

*/s/ Robert B. Berner*
Robert B. Berner (0020055)

5

4914-0725-9750v1